*427 OPINION
AMBRO, Circuit Judge.
Dale Brandon appeals the sentence imposed on him by the District Court after he pled guilty to a two-count indictment for (1) conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and (2) aiding and abetting the distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. Brandon claims that the Court erred in sentencing him pursuant to the career offender enhancement in the United States Sentencing Guidelines § 4B1.1. He contends that the charging document for a predicate offense did not prove that it was a felony controlled substance offense punishable by over one year in prison, even though he was actually sentenced to two to four years’ imprisonment for that offense. We affirm in all respects.
I.
In October 2007, Brandon was indicted by a grand jury for violations of the statutes noted above. He was arrested in November 2007, and pled guilty in February 2008. This was an open plea, not pursuant to any written agreement with the Government.
In May 2008, the final Pre-Sentence Investigation Report (“PSR”) was issued by the assigned United States Probation Officer. The PSR concluded that Brandon was subject to the career offender provisions of § 4B1.1 of the Guidelines. This conclusion was based on two predicate offenses: (1) a state court conviction for robbery; and (2) a state court conviction for possession of a controlled substance with intent to distribute. Brandon does not dispute that the first offense qualifies as a predicate offense. He does, however, dispute that the second offense qualifies. He challenged the PSR insofar as it designated him a career offender, and declined to stipulate to any predicate offenses. After the Government filed its response, Brandon was sentenced to 100 months’ imprisonment by the District Court in August 2008, and he appeals.[1]
II.
Brandon’s claim essentially is this: although he was actually sentenced to two to four years’ imprisonment for a predicate offense, that is not sufficient to show that it was an offense punishable by more than one year imprisonment for the purposes of the career offender enhancement. We disagree.
We begin by looking to the career offender provision of the Guidelines. Section 4B1.1 defines a career offender as follows:
A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
Guidelines § 4Bl.l(a). A controlled substance offense is also defined in the Guidelines:
The term “controlled substance offense” means an offense under federal or state law, punishable by imprisonment for a *428 term exceeding one year, that prohibits the manufacture, import, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.
Guidelines § 4B1.2(b). Finally, a felony is defined as “a prior adult federal or state conviction for an offense punishable by ... imprisonment for a term exceeding one year.” Guidelines § 4B1.2 cmt. n. 1.
Brandon pled guilty to a violation of 35 Pa. Cons.Stat. § 780-113(a)(30) in September 2004. The statute reads as follows:
The following acts and the causing thereof within the Commonwealth are hereby prohibited:
(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.
Subsection 780 — 113(f) establishes a penalty schedule for violations of § 780-113(a)(30). It provides four categories of offense that are punishable by more than one year, and one category that is punishable by less than one year.
In October 2004, Brandon was actually sentenced for this offense to, among other things, “[n]ot less than Two nor more than Four years state custody.” The signed order of sentence was presented to the District Court. At no point did Brandon object to or appeal the sentence as being in violation of the penalty schedule in § 780-113(f), but Brandon now submits that, because the offense could in some instances be punished by less than one year, the evidence submitted by the Government as proof that his conviction for possession with intent to distribute qualified as a “controlled substance offense” under § 4B1.1 — namely, the signed order of sentence — was insufficient. He speculates that “perhaps [he] and his prior counsel agreed not to challenge the length of that sentence on appeal, even though it is, in fact, greater than one year, because his guilty plea ... would not enhance a future federal court conviction, like the one currently before this Court.” (Appellant’s Br. 20.) This argument falls far short of succeeding.
In Shepard v. United States, 544 U.S. 13, 16-17, 19, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), the Supreme Court outlined the “modified categorical approach” to apply if the statutory elements of a prior conviction are unclear as to whether they satisfy a sentence enhancement. While keeping in mind the need to “avoid[ ] subsequent evidentiary enquiries into the factual basis for the earlier conviction,” the Court did not limit the judicial inquiry strictly to charges and instructions. Id. at 20, 125 S.Ct. 1254. It also permitted reference to a judge’s formal rulings of law and findings of fact, the statement of factual basis as shown by a transcript of plea colloquy or written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea. Id. An order sentencing a defendant to a term of imprisonment is certainly a judge’s formal ruling that a subsequent court may look to under Shepard.
Accordingly, the formal order of the Court in 2004 for Brandon’s drug offense under Pennsylvania law establishes that he was convicted of a controlled substance offense felony punishable by imprisonment exceeding one year. Thus, the § 4B1.1 enhancement was proper.
i{i # 'Jfi # *
*429 We hold that the Brandon met the requirements for a sentence enhancement under Guidelines § 4B1.1, and thus affirm the judgment of the District Court.

. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. To the extent Brandon contends that his sentence was imposed in violation of law, we have jurisdiction under 18 U.S.C. § 3742. Because Brandon raises purely legal issues of statutory and constitutional interpretation, our review is plenary. See, e.g., United States v. Singletary, 268 F.3d 196, 199 (3d Cir.2001).